# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CR-0043-001-CVE |
| WILMA LEA MCQUEEN, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (Dkt. # 57). Defendant requests a 30 day continuance of the pretrial conference and jury trial set for June 20, 2011, because she suffered a heart attack while driving to Tulsa for her change of plea hearing and was involved in an automobile accident. She states that she is unable to travel from Houston, Texas to Tulsa, Oklahoma for a change of plea hearing, because she suffered severe injuries in the automobile accident. The government does not oppose defendant's request for a continuance.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things, whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the

attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv).  The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool."  United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool.  The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73.  A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

The Court finds that an ends of justice continuance is appropriate in this case.  Defendant had a heart attack while driving to Tulsa for her change of plea hearing and suffered additional injuries when she lost control of the vehicle she was driving.  Dkt. # 57, at 1.  Defendant states that she suffered a broken left hand, a torn pancreas, and severe bruising and swelling as a result of the resulting automobile accident. Id.  Defendant has been released from the hospital but she is still receiving medical treatment for her injuries. Id. at 2.  Under these circumstances, it would be unreasonable to require defendant to travel to Tulsa for a change of plea hearing, and a limited ends of justice continuance should be granted.  The Court finds that public's interest in a speedy trial is outweighed by the need to give defendant a limited time to recover from her injuries and to ensure

2

that defendant is physically and mentally capable of entering a knowing and voluntary guilty plea. However, defendant is advised that no further continuances of the jury trial date will be granted due only to her medical condition unless she provides specific and compelling medical evidence that she is unable to travel to Tulsa.

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (Dkt. # 57) is **granted**. The pretrial conference set for June 20, 2011 at 9:30 a.m. and the jury trial set for June 20, 2011 are **stricken**. **The pretrial conference is reset for July 18, 2011 at 9:00 a.m. and the jury trial is reset for July 18, 2011 at 9:30 a.m.**

**IT IS FURTHER ORDERED** that the time between June 20, 2011 and July 18, 2011 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 17th day of June, 2011.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT