# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 11-CR-0043-001-CVE |
| WILMA LEA MCQUEEN, | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

Now before the Court is defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (Dkt. # 62). Defendant states that she was in an automobile accident on June 8, 2011, and due to her physical condition and restrictions imposed by physicians she is unable to travel to Tulsa, Oklahoma for a change of plea hearing or jury trial on July 18, 2011. Dkt. # 61, at 1-2. She asks the Court to reset her case for the September jury trial docket. The Court previously granted defendant a speedy trial continuance shortly after the automobile accident, and this would be the second continuance of defendant's jury trial. Dkt. # 61. The government does not oppose defendant's motion.

Defendant's request for a continuance falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. Id. The statute directs a court to consider, among other things,

whether "the failure to grant such a continuance . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." Id. at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was intended to be a "rarely used tool." United States v. Williams, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In United States v. Toombs, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which a ends of justice can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." Id. at 1271. This requires the parties to provide extensive and specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. Id. at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. Id. at 1273.

Defendant states that she was in an automobile accident on June 8, 2011 and she was discharged from the hospital on June 11, 2011. Dkt. # 62, at 1-2. Defendant's discharge instructions preclude her from driving and restrict defendant to moving from a bed to a chair only three times a day. Dkt. # 62-2, at 2. Defendant has been under the care of Tejpal Grover, M.D. and, on July 12, 2011, he wrote a letter on defendant's behalf stating that defendant "is still having significant pain in her shoulders and in her spine" and "she should not drive long distances for greater than two hours for the next 30 days." Dkt. # 62-1, at 1. The drive from plaintiff's home in Texas to Tulsa is significantly longer than two hours. Defendant has a follow-up appointment on August 15, 2011.

2

Defense counsel states that he has spoken to Mark Goforth, a probation officer for the United States Probation Office for the Eastern District of Texas, and Goforth advised defense counsel that defendant is complying with the conditions of her pretrial release and that he waived the requirement of a personal visit due to defendant's travel restrictions. Dkt. # 62, at 2.

The Court finds that defendant is unable to travel to Tulsa for her change of plea hearing or jury trial, and an ends of justice continuance is warranted. She has provided evidence showing that her physicians have placed restrictions on her travel and, as recently as July 12, 2011, a physician restricted defendant from driving more than two hours. This would prevent defendant from driving to Tulsa for a change of plea hearing or jury trial on July 18, 2011. Defense counsel states that a continuation is also necessary, in part, to allow him to evaluate whether defendant is physically and mentally capable of entering an informed plea. Dkt. # 62, at 2. The Court finds that public's interest in a speedy trial is outweighed by the need to give defendant time to recover from her injuries and to ensure that defendant is physically and mentally capable of entering a knowing and voluntary guilty plea. The Court notes that defendant was granted a speedy trial continuance shortly after the automobile accident took place, and this is the second continuance of her jury trial. See Dkt. # 61. **Defendant is advised that no further continuances of the jury trial will be granted and she will make any necessary arrangements to ensure her presence at her pretrial conference and jury trial in September 2011.**

**IT IS THEREFORE ORDERED** that defendant's Unopposed Motion to Continue Pretrial Conference and Jury Trial (Dkt. # 62) is **granted**. The pretrial conference set for July 18, 2011 at 9:00 a.m. and the jury trial set for July 18, 2011 are **stricken**. **The pretrial conference is reset for September 15, 2011 at 1:00 p.m. and the jury trial is reset for September 19, 2011 at 9:15 a.m.**

**IT IS FURTHER ORDERED** that the time between July 18, 2011 and September 19, 2011 is excludable pursuant to 18 U.S.C. § 3161(h)(7).

**DATED** this 15th day of July, 2011.

_____
CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT